UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs | ) CRIMINAL NO. 17-525 (JAG) |
| | ) |
| PRESTIGE PEST MANAGEMENT, CORP. | ) |
| d/b/a TERMINIX, | ) |
| MARK KITCHENMAN, | ) |
| Defendants | ) |
| | ) |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times material to this Information,

### COUNT ONE

**A.   THE DEFENDANTS**

1.   Defendant PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX was a Puerto Rico corporation with its principal place of business at 1225 Avenue Ponce De León #1541 San Juan, Puerto Rico, and within the jurisdiction of this Court. The defendant provided pest control services on the Island of Puerto Rico. The defendant lawfully used the mark "TERMINIX" under a sub-license agreement as a part of its business operation.

1

2. Defendant MARK KITCHENMAN was the President of PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX, in Puerto Rico and within the jurisdiction of this Court. Defendant KITCHENMAN was a "certified pesticide applicator" by the Puerto Rico Health Department and the Puerto Rico Department of Agriculture, and a "commercial applicator" under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA). 7 U.S.C. § 136(e)(1) and (3). The defendant MARK KITCHENMAN at all times acted within the scope of his employment and at least in part for the benefit of the defendant PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX.

3. Employee "A" was an employee of PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX, in Puerto Rico and within the jurisdiction of this Court. Employee "A" was not a "certified pesticide applicator." Employee "A" at all times acted within the scope of his employment and at least in part for the benefit of the defendant PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX.

4. As a "certified pesticide applicator" defendant MARK KITCHENMAN was authorized to purchase, use, and apply restricted-use pesticides such as Meth-O-Gas Q in accordance with their labels.

5. Defendant MARK KITCHENMAN and Employee "A" were not authorized to apply any methyl bromide restricted-use pesticides, including Meth-O-Gas Q, to any structures or residence of others for any purpose including exterminating household pests, or to make such restricted-use pesticides available to others for that use.

B.     **FEDERAL INSECTICIDE, FUNGICIDE AND RODENTICIDE ACT**

6.     The manufacture, distribution, and use of pesticides was regulated by FIFRA, Title 7, United States Code, Sections 136, *et seq.*, and the regulations promulgated under its authority by the United States Environmental Protection Agency (EPA).

7.     Title 7, United States Code, Section 136a required any pesticide distributed or sold in the United States to be registered with the EPA. If a pesticide could, without specific restrictions as to use, cause unreasonable adverse effects on the environment, it would be classified as a restricted-use pesticide. Because of its potential hazards, a restricted-use pesticide could be distributed or used only for the specific purposes and according to the specific methods prescribed by EPA. Methyl bromide was a restricted-use pesticide and could only be used by or under the direct supervision of a certified applicator. 40 C.F.R. § 152.175.

8.     Methyl bromide was acutely toxic and could be used only as a commodity fumigant for quarantine/regulatory use. According to its labeling, methyl bromide exposure could be fatal or cause acute illness or delayed lung or nervous system injury. Methyl bromide is odorless and nonirritating to skin and eyes during exposure. Early symptoms of overexposure are dizziness, headache, nausea and vomiting. Lung edema may develop in 2 to 48 hours after exposure, accompanied by cardiac irregularities; these effects are the usual cause of death. Exposure to toxic levels of methyl bromide could occur without warning or detection.

9.     Meth-O-Gas Q was registered with the EPA on or about January 3, 1972, and assigned registration number 5785-41. Meth-O-Gas Q contains 100% methyl bromide. Meth-O-Gas Q was not registered for residential use in homes or structures to kill household pests.

10. Defendant MARK KITCHENMAN and Employee "A" each received required training in the proper use of restricted-use and other pesticides from the Puerto Rico Department of Agriculture.

11. On or about the dates listed below, the defendants, PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX and MARK KITCHENMAN, in the District of Puerto Rico and within the jurisdiction of this Court, acting as a commercial applicator, did knowingly apply the restricted-use pesticide METH-O-GAS Q, containing methyl bromide, at the locations listed below, in San Juan, Puerto Rico, for the purpose of exterminating household pests, a use not in accordance with its registration and labeling:

| DATE | LOCATION |
| --- | --- |
| January 27, 2014 | #12 Tapia St., San Juan, PR |
| June 2, 2014 | Urb. Jardines Fago c/4 Ponce, PR |
| July 30, 2014 | Ba Monte Bello Rd. 642, KM 3 #4 Manati, PR |
| March 11, 2014 | Urb. Palma Real, Yeguada Ward, Vega Baja, PR |
| March 26, 2014 | Bahia Beach, Rd. 187 KM 4.2, Rio Grande, PR |
| October 21, 2014 | #12 Tapia St., San Juan, PR |

All in violation of Title 7, United States Code, Sections 136j(a)(2)(G) and 136*l*(b)(1)(B).

## COUNT TWO

12. Paragraphs one through ten of Count One are re-alleged herein as though set forth in full.

13. On or about the dates listed below, the defendant, PRESTIGE PEST MANAGEMENT, CORP. d/b/a TERMINIX, through Employee "A," in the District of Puerto Rico and within the jurisdiction of this Court, did knowingly apply the restricted-use pesticide

4

METH-O-GAS Q, containing methyl bromide, at the locations listed below, in San Juan, Puerto Rico, for the purpose of exterminating household pests, a use not in accordance with its registration and labeling:

| DATE | LOCATION |
|---|---|
| November 19, 2014 | Puerto Rico Convention Center (Concession) San Juan, PR |
| February 18, 2015 | Dorado Del Mar Villas del Golf Oeste #154 Dorado, PR |
| March 3, 2015 | Sol St., San Juan, PR |
| March 4, 2015 | Hacienda Escondida Carabalí, Luquillo, PR |
| March 16, 2015 | Las Verandas, Apt. #8163 Rio Grande, PR |

All in violation of Title 7, United States Code, Sections 136j(a)(2)(G) and 136l(b)(1)(B).

DATED: March 22, 2017

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney
District of Puerto Rico
By:

HOWARD P. STEWART
Senior Litigation Counsel
Environmental Crimes Section
United States Department of Justice
Washington D.C., 20004
howard.stewart@usdoj.gov
CARMEN M. MARQUEZ
Assistant United States Attorney
District of Puerto Rico
carmen.m.marquez@usdoj.gov

JOSE CAPO IRIARTE
Chief, Criminal Division
United States Attorney's Office
District of Puerto Rico
Dated: March ___, 2017
April 11, 2017

5